# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

D: +1 (202) 974-1519
alcollins@cgsh.com

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MATTHEW D. SLATER
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
KATHERINE MOONEY CARROLL
ELAINE EWING
NOWELL D. BAMBERGER
KENNETH S. REINKER
ALEXIS COLLINS
RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
SENIOR COUNSEL
W. RICHARD BIDSTRUP
STEVEN J. KAISER
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CHASE D. KANIECKI
MACEY LEVINGTON
CARL LAWRENCE MALM
CHARLES STERLING
CARL F. EMIGHOLZ
RESIDENT COUNSEL
JOHN P. MCGILL, JR.
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

GRAHAM BANNON
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM
ELSBETH BENNETT
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
MADISON C. BUSH
SAMUEL H. CHANG
CHINWE I. CHUKWUOGO
EVERETT K. CORAOR
LISA M. DANZIG
KATHERINE DENBY
BRANDON J. FIGG
MEREDITH LEIGH FINN
CHRISTOPHER M. FITZPATRICK
RACHEL FRANK
ALAN B. FREEDMAN
SAMUEL G. FULLER
LAUREN E. GILBERT*
V. NOAH GIMBEL
MELISSA GOHLKE
LAUREL HATTIX
SAVANNAH HAYNES*
CHRISTOPHER J. HILDEBRAND
JESSICA HOLLIS
STEPHEN J. HOUCK
RICHARD HUBER
JAMES HUNSBERGER
EUN SUN JANG
SAMEER JAYWANT
BRENDAN JORDAN
BRIAN KESTEN
ANDREW L. KLINE
JOHN F. KOZAK
TOBIAS A. KRAFT
NATHANAEL F. KURCAB
ELISE G. LANE
GABRIEL J. LAZARUS
ALEXIS R.B. LAZDA
CLOTILDE LE ROY
JOHN A. LIGHTBOURNE
NICOLE S. LIM
MOLLY MA
NORA MCCLOSKEY
ADEEL MOHAMMADI
ADAM MOTIWALA
JENNIFER E. PAUL
ROBIN RABINOWITZ
RICK REDMOND
W. BENJAMIN REESE
MARK ROHAN

BEN ROSENBLUM
MICHAEL G. SANDERS
MAX SCHECHTER
MICHAEL SCHULMAN
WILLIAM SEGAL
GARRETT D. SHINN
SARAH M. STANTON
NICOLE TATZ
ZACH TSCHIDA
TAMARA WIESEBRON
JIM WINTERING
HUANBING IZZY XU
JEANNE-PALOMA ZELMATI
IRIS MENGYAO ZHOU
ASSOCIATES

* Admitted only to a bar other
  than that of the District of
  Columbia. Working under the
  supervision of principals of
  the Washington office.

** Special Legal Consultant,
   qualified in the People's
   Republic of China.

June 9, 2020

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Freeman, et al.* v. *HSBC Holdings plc, et al.*, 18-cv-7359 ("*Freeman II*")
*Bowman, et al.* v. *HSBC Holdings plc, et al.*, 19-cv-2146 ("*Bowman*")

Dear Judge Chen:

We represent Commerzbank AG ("Commerzbank") in the above-referenced cases. We write this pre-motion letter pursuant to Rule 3.A of Your Honor's Individual Practices and Rules in connection with Commerzbank's anticipated motion, pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to revise its interlocutory orders, requesting modification of the Court's Order dated June 5, 2020 (the "Order"), to dismiss Count 10 against Commerzbank for lack of personal jurisdiction.

The Court's Order dismissed all of the ATA claims and the JASTA conspiracy claims in these cases against all defendants, with the exception of defendant Bank Saderat plc, "[f]or the same reasons articulated in *Freeman I*." Order at 3. As the Court noted, this "includes dismissing Count 6 of the *Freeman II* and *Bowman* Complaints against Defendant Commerzbank for lack of personal jurisdiction," *id.*, based on Your Honor's prior ruling that allegations that Commerzbank transferred funds from the account of a German customer, "Orphans Project," to an organization in Lebanon known as the "Martyrs Foundation," failed to establish a basis for

Hon. Pamela K. Chen, p. 2

exercising specific personal jurisdiction over that claim, since "[n]one of the transactions Commerzbank allegedly executed for the Orphans Project were processed through the United States banking system or banks in New York," Memorandum & Order at *15 (Sept. 16, 2019), *Freeman, et al. v. HSBC Holdings plc, et al.*, No. 14 Civ. 6601 (PKC) (CLP), ECF No. 237 ("*Freeman I*").

The Court's Order also dismissed the JASTA aiding and abetting claims, including Count 10 against Commerzbank, for failure to state a claim. Order at 3. In addressing Count 10, Your Honor noted that it suffers from the same jurisdictional deficiencies as Count 6, "which is based on the materially same facts," but declined to dismiss the claim on that ground because "Commerzbank has not moved to dismiss the Tenth Claim for lack of personal jurisdiction under FRCP 12(b)(2)." *Id.* at 7 n.8.

Commerzbank respectfully requests that the Court modify the Order to also dismiss Count 10 for lack of personal jurisdiction. The Court has the ability to make such a revision because the Order resolved "the liabilities of fewer than all the parties," and accordingly "does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." *See* Fed. R. Civ. P. 54(b) (emphasis added); *see also Buttaro v. City of New York*, 2017 WL 1906725, at *1 (E.D.N.Y. May 8, 2017) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so") (citing *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)). Non-final orders can be modified under Rule 54(b) where, as here, there was an inadvertent error by a party. *See Ng v. HSBC Morg. Corp.*, No. 07 Civ. 5434, 2014 WL 4699648, at *4 (E.D.N.Y. Sept. 22, 2014) (correcting motion order based on the defendants' "genuine mistake" brought to the Court's attention after motion order was issued).

Commerzbank moved to dismiss on the alternative ground of lack of personal jurisdiction in a footnote of defendants' joint letter-motion. Defs. Jan. 6, 2020 Letter at 1 n.2, ECF No. 75 in *Freeman II* and ECF No. 34 in *Bowman*. Although Count 6 was named in this footnote and Count 10 was inadvertently omitted, Commerzbank requested dismissal "for the reasons set forth in the Court's *Freeman I* Dismissal Order," *i.e.*, the absence of any non-conclusory allegations connecting the alleged transfers between Orphans Project and the Martyrs Foundation to the United States. *See id*. As the Court noted in the Order, these same allegations underlie both Count 6 and Count 10. Order at 7 n.8. Plaintiffs have also acknowledged that the same allegations of fact underlie both claims. Pls. Jan. 13, 2020 Letter at 2 n.1, ECF No. 76 in *Freeman II* and ECF No. 41 in *Bowman* (arguing that Count 6 in *Freeman I* should also be treated as a JASTA aiding and abetting claim and noting that it was "formally pleaded" this way in *Freeman II* and *Bowman*).

"[T]o preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity." *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998)). Especially in light of this lenient standard and the abbreviated letter briefing that occurred, *see* Minute Order (Dec. 2, 2019), *Freeman II* and *Bowman*, Commerzbank respectfully submits that the personal jurisdiction defense it raised in the joint letter-motion was sufficient to preserve that defense as

Hon. Pamela K. Chen, p. 3

to Count 10 in addition to Count 6.  To prevent manifest injustice, the Court should therefore revise its Order to also dismiss Count 10 for lack of personal jurisdiction.  *See Ng*, 2014 WL 4699648, at *1.

        Respectfully submitted,

        /s/ Alexis Collins
        Alexis Collins

cc:    All Counsel of Record (via ECF)