OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                                    T.212.354.0111

June 17, 2020

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (PKC)(CLP) ("*Freeman II*")
            *Bowman, et al. v. HSBC Holdings plc, et al.*, 19-cv-2146 (PKC)(CLP) ("*Bowman*")

Dear Judge Chen:

      Plaintiffs respectfully write in response to Commerzbank's June 9, 2020 pre-motion letter, ECF No. 82 ("June 9, 2020 Letter"), seeking reconsideration of this Court's June 5, 2020 order dismissing *Freeman II* and *Bowman*. As shown below, Commerzbank's request for the Court to overlook its failure to move to dismiss Plaintiffs' Tenth Claim for Relief on personal jurisdiction grounds has no basis in the law.

      This Court correctly found "Commerzbank has not moved to dismiss the Tenth Claim for lack of personal jurisdiction under FRCP 12(b)(2)," having only done so for the Sixth Claim for Relief and otherwise "join[ing] its co-defendants in moving to dismiss all of the JASTA aiding and abetting claims in the Complaints for failure to state a claim under FRCP 12(b)(6)." *Freeman v. HSBC Holdings PLC*, No. 18-cv-7359-PKC-CLP, 2020 WL 3035067, at *4 n.8 (E.D.N.Y. June 5, 2020) (citing *Freeman II* ECF No. 75, *Bowman* ECF No. 34, both at 1 n.2, 3-5). Commerzbank does not dispute the Court's finding, only arguing that the bank made an "inadvertent error" and "omi[ssion]" in its motion to dismiss. June 9, 2020 Letter at 2. In fact, that "inadvertent error" was *also* its position as articulated in Defendants' portion of the Parties' November 27, 2019 letter (*Freeman I* ECF No. 71, *Bowman* ECF No. 19) ("November 27, 2019 Letter"), where Defendants explained they would seek "dismissal of all claims in *Freeman II* and *Bowman* for failure to state a claim and, in addition, **with respect to Count 6** of the *Freeman II* Amended Complaint and *Bowman* Complaint, for lack of personal jurisdiction," *id.* at 3 (emphasis added), without referencing Plaintiffs' Tenth Claim for Relief.

      A "Rule 54(b) motion" is a motion for "reconsideration," and "[t]hus, those decisions may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 166-67 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255

(2d Cir. 1992)). In support of its proposed motion for reconsideration, Commerzbank cites no intervening change of controlling law, availability of new evidence, or "clear error" in the Court's June 5, 2020 decision. Instead, it suggests that its failure to "preserve that defense" will result in a "manifest injustice"—but that is just another way of expressing regret over its waiver of an available defense.

Commerzbank's suggestion that its error is excused by a "lenient standard" for setting forth a personal jurisdiction defense misconstrues the law. Neither the case Commerzbank cites, *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293 (2d Cir. 2002), nor the case *Mattel* relied on, *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724 (2d Cir. 1998), excuse (or even involved) a mistaken failure to raise a personal jurisdiction defense as to a particular claim. In fact, *Transaero* held that "Rule 12(h)(1) 'advises a litigant to exercise **great diligence** in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move....'" *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (1990)) (emphasis added). *Mattel* and *Transaero* are about the "degree of specificity" with which a defendant must present a defense, not whether it must be made as to each claim. In *Mattel* (which did not involve personal jurisdiction), the court found that defendants sufficiently raised defenses to *in rem* jurisdiction in a timely fashion, 310 F.3d at 307-08; in *Transaero*, the defendant "raised" a personal jurisdiction defense in its "first responsive motion," and was only "precluded from arguing" it further until a related action with res judicata effect was resolved, 162 F.3d at 730.[1]

In fact, Commerzbank's only cited case addressing a defendant's mistake, *Ng v. HSBC Mortg. Corp.*, No. 07-cv-5434-RRM-VVP, 2014 WL 4699648 (E.D.N.Y. Sept. 22, 2014), confirms that Commerzbank is not entitled to the requested relief. *Ng* did not involve a waivable defense. One of the plaintiff's claims survived summary judgment because the court erroneously relied on a provision of the Truth in Lending Act that was added to the statute *after* the relevant conduct occurred—a fact defendants failed to raise until submitting the joint pre-trial order. *Id.* at *2 & n.2. Once raised, it became clear the claim was thus legally baseless, and could not be permitted to continue to trial: "Here, and even under the strict standards for a motion for reconsideration, a modification of the Court's Partial Summary Judgment Order is necessary to correct clear error, prevent manifest injustice, and avoid a trial on the sole remaining claim that *has no basis in law*." *Id.* at *4 (emphasis added). *See also id.* at *3 ("a court should decline to reconsider its prior decision 'unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal'") (quoting *S.E.C. v. Amerino Inv. Advisors, Inc.*, No. 05-cv-5231-RJS, 2014 WL 405339, at *3 (S.D.N.Y. Feb. 3, 2014)). Of course, as in *Ng*, a Rule 12(b)(6) defense can be raised at any time, whereas a personal jurisdiction defense is waived if not properly raised in a motion to dismiss or answer. *See* Fed. R. Civ. P. 12(h)(1) and (2).

Defendants (including Commerzbank) have repeatedly insisted that the *Freeman I* plaintiffs never raised aiding and abetting claims and that the Court must assess Plaintiffs' aiding

---

[1] Commerzbank notes that the letter briefing in *Freeman II* and *Bowman* was "abbreviated," June 9, 2020 Letter at 2, but does not explain how that prevented it from including the words "and Count 10" in that motion—or in the November 27, 2019 Letter.

and abetting claims here afresh.[2] As they previously asserted in their portion of the November 27, 2019 letter: "because aiding and abetting claims were never properly asserted in *Freeman I* and thus not addressed in the Court's September 16 Order**,** Defendants proposed to Plaintiffs a form of stipulation and dismissal order for *Freeman II* and *Bowman* that would *make express the reasons for dismissing aiding and abetting claims in those cases*." Nov. 27, 2019 Letter at 3 (emphasis added). *See also id*. (noting that the Motion for Partial Reconsideration only "asserted an aiding and abetting claim against one Defendant—Standard Chartered Bank"); *id.* at 4 (repeating the request that the Court state the enumerated reasons for dismissal). None of the enumerated "reasons" included personal jurisdiction.

     In sum, Commerzbank has failed to exhibit "great diligence" in moving to dismiss the claims against it in *Freeman II* and *Bowman*, having *twice* explicitly raised a personal jurisdiction defense as to the Sixth Claim for Relief, but never as to the Tenth Claim for Relief. To grant the relief requested, the Court would have to reinstate a waivable defense that was not timely asserted. The stated basis satisfies neither Rule 54(b) nor this Circuit's standards for granting that relief.

                                      Respectfully submitted,

                                      /s/ Michael J. Radine

cc: All counsel (by ECF)

---

[2] That Plaintiffs agreed that the "same allegations of fact" underlie the Sixth and Tenth Claims for Relief is irrelevant—waiver of the defense does not depend on the defense's purported strength in *Freeman II* and *Bowman*.