OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601       1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                                      T.212.354.0111

June 26, 2020

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (PKC)(CLP) ("*Freeman II*")
            *Bowman, et al. v. HSBC Holdings plc, et al.*, 19-cv-2146 (PKC)(CLP) ("*Bowman*")

Dear Judge Chen:

Pursuant to the Court's June 19, 2020 Minute Order, Plaintiffs respectfully submit this supplemental response to Commerzbank's June 19, 2020 reply letter (*Freeman II* ECF No. 84, *Bowman* ECF No. 48) ("Reply Letter").

As in its opening letter, Commerzbank's reply letter disregards the governing standard for a motion for reconsideration and does not even attempt to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation omitted). Instead, Commerzbank only argues that Plaintiffs should have been on "notice" that when Commerzbank explicitly (and twice) stated that it challenged personal jurisdiction for Plaintiffs' Sixth Claim for Relief, it also meant the Tenth Claim for Relief. Again, Commerzbank does not suggest this argument satisfies one of the grounds for reconsideration.

Moreover, Commerzbank's argument that it provided Plaintiffs "fair notice" fails for the obvious reason that its unspoken intention to move to dismiss the Tenth Claim for Relief on personal jurisdiction grounds was not evident to the Court to which that "notice" was directed (nor was it to Plaintiffs). Commerzbank does not identify any authority stating that where a defendant *explicitly* moves to dismiss one claim on personal jurisdiction grounds, the plaintiff must assume that the defendant meant to dismiss all claims involving those facts—even where the other claims are premised on different statutes with different jurisdictional language. *See* JASTA § 2(a)(6). Although a personal jurisdiction challenge "need not be '*articulate[d]* with any rigorous degree of specificity,'" Reply Letter at 2 (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998)), Commerzbank did not articulate a challenge to the Tenth Claim for Relief

*at all*. Commerzbank's argument that its "incorporation by reference of the Court's rationale for its dismissal of the corresponding claim in *Freeman I* … was arguably more specific than simply listing each count," *id.*, is especially absurd where Commerzbank *did* list a count—the Sixth one. As *Transaero* stated, it is the defendant's duty to set out its challenges (particularly waivable ones), not the plaintiff's to guess which ones it should have made.

Dismissing this Circuit's recitation in *Transaero* of the "great diligence" standard for challenging personal jurisdiction as dicta, Reply at 2, Commerzbank urges the Court to be guided instead by a Northern District of California opinion that found a personal jurisdiction challenge preserved where a defendant wrote in its answer, "the Court 'lacks jurisdiction over some or all of Plaintiff's alleged claims and causes of action.'" *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016). Of course, Commerzbank did not state that it was challenging jurisdiction as to "all of" Plaintiffs' claims against it, or even "some" of them—it named the Sixth Claim for Relief explicitly, challenging the other claims only on other grounds.

Perhaps most tellingly, Commerzbank is compelled *again* to mischaracterize *Ng v. HSBC Mortgage Corp.*, No. 07-cv-5434 (RRM)(VVP), 2014 WL 4699648 (E.D.N.Y. Sept. 22, 2014). Reply at 2. Commerzbank suggests that *Ng* supports modifying non-final orders whenever a defendant has made "a genuine mistake," ignoring the fact that *Ng* properly and expressly applied the reconsideration standard to a *non-waivable* defense. *Id.*

As several courts have explained, waiver "reinforces" the rule that "a party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (quoting Advisory Comm. Note to Fed. R. Civ. P. 12 (1966)). This Court already determined that Commerzbank failed to timely move to dismiss Plaintiffs' Tenth Claim for Relief for lack of personal jurisdiction, and Commerzbank has given the Court no reason to reconsider that determination.

                                                  Respectfully submitted,

                                                  /s/ Michael J. Radine

cc: All counsel (by ECF)