UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KATHALEEN FREEMAN, *et al.*,

       Plaintiffs,

  - against -

HSBC HOLDINGS PLC, HSBC BANK PLC,
HSBC BANK MIDDLE EAST LIMITED,
HSBC BANK USA, N.A., BARCLAYS,
STANDARD CHARTERED BANK, ROYAL
BANK OF SCOTLAND, N.V., CREDIT
SUISSE, BANK SADERAT PLC,
COMMERZBANK AG, *and* JOHN DOES 1–
50,

       Defendants.
-------------------------------------------------------x
RYAN BOWMAN, *et al.*,

       Plaintiffs,

  - against -

HSBC HOLDINGS PLC, HSBC BANK PLC,
HSBC BANK MIDDLE EAST LIMITED,
HSBC BANK USA, N.A., BARCLAYS,
STANDARD CHARTERED BANK, ROYAL
BANK OF SCOTLAND, N.V., CREDIT
SUISSE, BANK SADERAT PLC,
COMMERZBANK AG, *and* JOHN DOES 1–
50,

       Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-7359 (PKC) (CLP)
19-CV-2146 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

  In November 2014, a group of American citizens killed or injured by terrorist attacks in

Iraq between 2004 and 2011, and/or their families, filed an action, *Freeman, et al. v. HSBC*

*Holdings PLC, et al.*, 14-CV-6601 (PKC) (CLP) ("*Freeman I*"), against ten banking institutions—

HSBC Holdings, PLC, HSBC Bank PLC, HSBC Bank Middle East Ltd., HSBC Bank USA, N.A.,

Barclays Bank PLC, Standard Chartered Bank, Royal Bank of Scotland, N.V., Credit Suisse AG, Bank Saderat PLC, and Commerzbank AG ("Commerzbank")—as well as John Does 1–50, seeking damages pursuant to the Antiterrorism Act (the "ATA"), 18 U.S.C. § 2333, as amended by the Justice Against State Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016). *See Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 72 (E.D.N.Y. 2019) ("*Freeman I*"). While *Freeman I* was pending, a different group of Americans who were injured or killed by terrorist attacks in Iraq, and/or their families, represented by the *Freeman I* counsel, filed these two additional actions, *Freeman, et al. v. HSBC Holdings PLC, et al.* No. 18-CV-7359 (PKC) (CLP) ("*Freeman II*"), and *Bowman, et al. v. HSBC Holdings PLC, et al.*, No. 19-CV-2146 (PKC) (CLP) ("*Bowman*"), seeking damages under the ATA and JASTA against the same defendants for materially the same conduct.[1]

On September 16, 2019, the Court dismissed *Freeman I* in its entirety. *See Freeman I*, 413 F. Supp. 3d at 73.[2] On June 5, 2020, the Court dismissed Plaintiffs' claims for relief asserted against all Defendants but Bank Saderat PLC. *See Freeman v. HSBC Holdings PLC*, Nos. 18-CV-7359, 19-CV-2146 (PKC) (CLP), ___ F. Supp. 3d ___, 2020 WL 3035067, at *1 (E.D.N.Y. June 5, 2020) ("*Freeman III*"). Specifically, the Court dismissed Plaintiffs' Sixth Claim for Relief against Defendant Commerzbank for lack of personal jurisdiction, but dismissed Plaintiffs' Tenth

---

[1] For purposes of this Memorandum & Order, "Plaintiffs" refers to the plaintiffs in both *Freeman II* and *Bowman*.

[2] In dismissing *Freeman I*, the Court declined to adopt the Report and Recommendation ("R&R") of the Honorable Cheryl L. Pollak, United States Magistrate Judge, recommending denial of Defendants' motions to dismiss. *See generally Freeman I*, No. 14-CV-6601 (PKC) (CLP), 2018 WL 3616845 (E.D.N.Y. July 27, 2018). The Court thereafter denied the *Freeman I* Plaintiffs' motion for reconsideration with respect to Defendants Standard Chartered Bank and Bank Saderat PLC at oral argument on October 28, 2019. (*See Freeman I*, No. 14-CV-6601, Oct. 28, 2019 Minute Order.)

Claim for Relief against Defendant Commerzbank for failure to state a claim upon which relief may be granted, and not for lack of personal jurisdiction, given that Defendant Commerzbank had not moved on that basis as to the Tenth Claim. *Id.* at *4 n.8. On June 9, 2020, Defendant Commerzbank filed a motion for a pre-motion conference in anticipation of filing a motion for the Court to modify its June 5, 2020 Memorandum and Order with respect to the basis for dismissal of the Tenth Claim. (*Bowman*, No. 19-CV-2146, Dkt. 45; *Freeman II*, No. 18-CV-7359, Dkt. 82.) Plaintiffs responded to Defendant Commerzbank's motion on June 17, 2020. (*Bowman*, No. 19-CV-2146, Dkt. 47; *Freeman II*, No. 18-CV-7359, Dkt. 83.) On June 19, 2020, the Court denied Defendant Commerzbank's motion for a pre-motion conference as unnecessary and construed Defendant Commerzbank's motion as one for reconsideration of the Court's ruling as to the Tenth Claim. (Order, June 19, 2020.) That motion was fully briefed on June 26, 2020 (*Bowman*, No. 19-CV-2146, Dkt. 50; *Freeman II*, No. 18-CV-7359, Dkt. 85), and is currently pending before the Court. For the following reasons, the Court denies Defendant Commerzbank's motion.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of these three actions and with the Court's prior orders. In brief, Plaintiffs are alleging a wide-ranging conspiracy between Defendants, Bank Saderat PLC, the Government of Iran, and multiple state-affiliated and private Iranian entities that, at times, operate as financial and logistical conduits for the Islamic Revolutionary Guard Corps' ("IRGC") and Hezbollah's terrorist activities. *Freeman I*, 413 F. Supp. 3d at 73. In addition to asserting the same seven claims alleged in the *Freeman I* complaint, the Plaintiffs in *Freeman II* and *Bowman* assert five claims for secondary liability—one for conspiracy, and four for aiding and abetting under JASTA, 18 U.S.C. § 2333(d)(2). (*Compare Freeman I*, No. 14-CV-6601, Second Amended Complaint ("SAC"), Dkt. 115, ¶¶ 2179–293, *with Freeman II*, No. 18-CV-7359, Amended Complaint ("Am. Compl."), Dkt. 72, at ¶¶ 3724–86; *and*

*Bowman*, No. 19-CV-2146, Am. Compl., Dkt. 21, at ¶¶ 1321–83.)  Plaintiffs added the Tenth

Claim for Relief, asserting civil aiding-and-abetting liability under JASTA, 18 U.S.C.

§ 2333(d)(2), as to Defendant Commerzbank only.  (*Bowman*, No. 19-CV-2146, Am. Compl., Dkt.

21, ¶¶ 1354–61; *Freeman II*, No. 18-CV-7359, Am. Compl., Dkt. 72, ¶¶ 3757–64.)

On June 5, 2020, this Court issued a Memorandum and Order dismissing all of the claims

Plaintiffs had asserted against the responding Defendants, including Defendant Commerzbank.

*See Freeman III*, 2020 WL 3035067, at *10.  As discussed, the Sixth Claim for Relief in *Freeman*

*II* and *Bowman*, asserted against Defendant Commerzbank, was dismissed for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2), while the Tenth Claim

for Relief was dismissed for failure to state a claim upon which relief may be granted, pursuant to

FRCP 12(b)(6).  *Id.*  With respect to the latter, the Court explained:

> Plaintiffs' Tenth Claim for Relief, brought as an aiding and abetting claim in
> violation of JASTA, is premised on substantially the same factual allegations as
> their Sixth Claim in *Freeman I*, *Freeman II*, and *Bowman*, though this Sixth Claim
> is asserted as a conspiracy, rather than an aiding-and-abetting claim.  In *Freeman*
> *I*, the Court dismissed the conspiracy claim against Commerzbank for lack of
> personal jurisdiction.  While the Court believes that the same analysis applies to
> Plaintiffs' Tenth Claim, which is based on the materially same facts, but alleges
> aiding and abetting instead of conspiracy, Commerzbank has not moved to dismiss
> the Tenth Claim for lack of personal jurisdiction under FRCP 12(b)(2). Instead,
> Commerzbank joins its co-defendants in moving to dismiss all of the JASTA aiding
> and abetting claims in the Complaints for failure to state a claim under FRCP
> 12(b)(6).  Personal jurisdiction, unlike subject-matter jurisdiction, can be purposely
> waived or inadvertently forfeited[,] therefore, a district court should not raise
> personal jurisdiction *sua sponte* when a defendant has appeared and consented,
> voluntarily or not, to the jurisdiction of the court.  Because Defendant
> Commerzbank has appeared and not moved to dismiss the Tenth Claim of the
> Complaints for lack of personal jurisdiction, the Court deems Commerzbank as
> having consented to the Court's jurisdiction for the purposes of the Tenth Claim
> and, therefore, addresses it as part of Defendants' motions to dismiss pursuant
> to FRCP 12(b)(6).

*Id.* at *4 n.8 (internal quotation marks, citations, and alterations omitted) (quoting, *inter alia*, *City*

*of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011)).

Defendant Commerzbank now moves for reconsideration of the Court's ruling on the Tenth Claim, insofar as the Court's dismissal of that claim was based on the failure to state a claim pursuant to FRCP 12(b)(6), and not also on the lack of personal jurisdiction pursuant to FRCP 12(b)(2). Defendant Commerzbank argues that, pursuant to FRCP 54(b), the Court has the discretion to overlook Defendant Commerzbank's failure to seek dismissal of the Tenth Claim for lack of personal jurisdiction, and that the Court should modify its prior ruling to add this as a ground for dismissal.

## LEGAL STANDARD

FRCP 54(b) provides that

> [w]hen an action presents more than one claim for relief[,] . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). This Rule affords the district court with an "inherent power to reconsider and modify its prior orders prior to the entry of judgment." *Tafari v. Fanelli*, No. 18-CV-6471 (MAT), 2019 WL 8750335, at * 1 (W.D.N.Y. Feb. 20, 2019) (citing *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)). "A litigant seeking reconsideration under Rule 54(b) must set forth 'controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," and such motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A litigant may also seek reconsideration under FRCP 59(e), "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."

*Coventry Capital US LLC v. EEA Life Settlements Inc.*, 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (internal quotation marks and citation omitted) (discussing reconsideration under FRCP 59(e) and Local Rule 6.3). Reconsideration will not be granted simply because a party is dissatisfied with the Court's previous decision, *see Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 249 (E.D.N.Y. 2016), and "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). "The major grounds for justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, No. 15-CV-10154 (PAE), 2020 WL 2115344, at *1 (S.D.N.Y. May 3, 2020) (internal quotation marks and citation omitted) (citing, *inter alia*, *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration." *Pall Corp. v. 3M Purification Inc.*, Nos. 97-CV-7599, 03-CV-92 (PKC), 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Norton v. Town of Islip*, No. 12-CV-4463 (PKC), 2016 WL 264930, at *2 (E.D.N.Y. Jan. 21, 2016) (brackets in original) (citing *Shrader*, 70 F.3d at 257), *aff'd*, 678 F. App'x 17 (2d Cir. 2017) (summary order).

## DISCUSSION

Defendant Commerzbank seeks to have the Court exercise its discretion under FRCP 54(b) to modify its prior ruling dismissing the Tenth Claim and to add as a basis for dismissal the lack of personal jurisdiction. The Court declines to do so.

"A party waives any defense listed in Rule 12(b)(2)–(5)," such as lack of personal jurisdiction, "by failing to [] make it by motion under [FRCP 12.]" Fed. R. Civ. P. 12(h)(1)(B)(i). "The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." *Roberts v. Bennaceur*, 658 F. App'x 611, 616 (2d Cir. 2016) (summary order) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)). "To preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity." *Id.* (alteration omitted) (quoting *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002)). However, "[e]ven if a party meets the requirements of Rule 12(h)(1), [] a court will obtain, through implied consent, personal jurisdiction over a defendant if the actions of the defendant during the litigation amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* (internal quotation marks and alterations omitted) (quoting *Mickalis Pawn Shop, LLC*, 645 F.3d at 134). "Similarly, a party may forfeit a right or defense by actively litigating other issues and forgoing the opportunity to litigate that right or defense." *Id.*; *see also Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 102 (2d Cir. 2016) ("To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." (internal quotation marks omitted)).

The latter situation is exactly the scenario presented in this case. Defendant Commerzbank specifically "move[d] to dismiss Count 6 of the *Freeman II* and *Bowman* Complaints . . . pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction." (*See Bowman*, No. 19-CV-2146, Motion to Dismiss, Dkt. 34, at 1 n.2.) Defendant Commerzbank then proceeded to

put forth an argument, on the merits, that Plaintiffs' remaining claims against it should be dismissed for failure to state a claim upon which relief may be granted, pursuant to FRCP 12(b)(6). (*See id.* at 3–5.)  Defendant Commerzbank argues that "to preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity," and therefore "submits that the personal jurisdiction defense it raised in the joint letter-motion was sufficient to preserve that defense as to Count 10 in addition to Count 6."  (*Bowman*, No. 19-CV-2146, Dkt. 45, at 2; *Freeman II*, No. 19-CV-7359, Dkt. 82, at 2 (internal quotation marks and citation omitted).)  However, Defendant Commerzbank's omission was not failing to articulate the defense of personal jurisdiction with "any rigorous degree of specificity," but failing to articulate it *at all* with respect to the Tenth Claim, notably while articulating it with respect to the Sixth Claim.  That is, Defendant Commerzbank plainly "forfeit[ed] [the personal jurisdiction] defense by actively litigating other issues and forgoing the opportunity to litigate that . . . defense."  *Roberts*, 658 F. App'x at 616.

Moreover, the Court does not excuse Defendant Commerzbank's admitted omission as a result of "the abbreviated letter briefing that occurred" (*see Bowman*, No. 19-CV-2146, Dkt. 45, at 2; *Freeman II*, No. 19-CV-7359, Dkt. 82, at 2), as Defendant Commerzbank had multiple opportunities over the course of six months to raise the personal jurisdiction defense as to the Tenth Claim with the Court but failed to do so: (1) in its November 27, 2019 letter advising the Court, on behalf of all Defendants, of Defendants' intent to move to dismiss the complaints in *Freeman II* and *Bowman*, including the anticipated grounds for the dismissal motion (*Bowman*, No. 19-CV-2146, Dkt. 19, at 3; *Freeman II*, No. 18-CV-7359, Dkt. 71, at 3 ("Unlike the *Freeman I* action, the complaints in *Bowman* and *Freeman II* both expressly plead aiding and abetting claims against all Defendants.  Defendants agree with Plaintiffs that this Court's reasoning in the September 16

Order and this Court's denial of reconsideration in *Freeman I* should lead to dismissal of all claims in *Freeman II* and *Bowman* for failure to state a claim and, in addition, *with respect to Count 6 of the Freeman II* Amended Complaint and *Bowman* Complaint, for lack of personal jurisdiction." (emphasis added) (internal record citations omitted)); (2) in its January 6, 2020 motions to dismiss (*Bowman*, No. 19-CV-2146, Dkt. 34; *Freeman II*, No. 19-CV-7359, Dkt. 75); and (3) in its February 27, 2020 letter updating the Court on recent caselaw (*Bowman*, No. 19-CV-2146, Dkt. 43; *Freeman II*, No. 19-CV-7359, Dkt. 80).   As a result, the Court expended resources to review the complaints and decide whether Plaintiffs had sufficiently stated a JASTA aiding-and-abetting claim as to this particular Defendant.  (*See, e.g.*, *Freeman III*, 2020 WL 3035067, at *8 (analyzing whether Plaintiffs sufficiently asserted the connection between the services Defendant Commerzbank provided to the Hezbollah Martyrs Foundation and alleged terrorist activities); *id.* at *8 n.14 (distinguishing the allegations against Defendant Commerzbank from those in prior caselaw).)  Defendant Commerzbank's written filings "g[a]ve [both Plaintiffs and the Court] a reasonable expectation that [Defendant Commerzbank] [would] defend the [Tenth Claim] on the merits[,]" *Corporación Mexicana De Mantenimiento Integral*, 832 F.3d at 102, thereby forfeiting its personal jurisdiction defense.  While a plaintiff is required to "establish the court's jurisdiction with respect to each claim asserted," and "must make a prima facie showing that jurisdiction exists" to survive a motion to dismiss for lack of personal jurisdiction, *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 479 (E.D.N.Y. 2019) (alteration omitted) (first quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004), then quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)), a plaintiff cannot do so absent any notice.

The Court further notes that Defendant Commerzbank's omission was not a result of a message proverbially lost in translation when one defendant answers on behalf of multiple parties. Here, Defendant Commerzbank itself filed the relevant motions to dismiss.

Defendant Commerzbank further argues that the Court has the power to modify a non-final order pursuant to FRCP 54(b) "where, as here, there was an inadvertent error by a party." (*Bowman*, No. 19-CV-2146, Dkt. 45, at 2; *Freeman II*, No. 18-CV-7359, Dkt. 82, at 2 (citing, *inter alia*, *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434 (RRM) (VVP), 2014 WL 4699648, at *4 (E.D.N.Y. Sept. 22, 2014)).)  Although the Court agrees that it has the discretion to modify an interlocutory order, the cases cited by Defendant do not support the exercise of that discretion in this case.  In *Ng v. HSBC Mortgage Corp.*, the relevant mistake was that, while litigating a motion for summary judgment, the defendants relied on an outdated version of a statute, leading to an incorrect legal conclusion.  *See* 2014 WL 4699648, at *4.  In granting the motion for reconsideration, the *Ng* court found that "a court should decline to reconsider its prior decision 'unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal.  In that situation, reconsideration saves the parties' (and the Circuit's) time by avoiding a second, unnecessary battle in the Court of Appeals.'" *Id.* at *3 (citations omitted).  Thus, in *Ng*, the court granted reconsideration to avoid the potential (or even likely) reversal of the court's decision on appeal, given that the defendant and presumably the court had relied on an outdated version of the statute.  That is not the scenario presented here, where Defendant Commerzbank seeks reconsideration based on its own mistake that does not implicate or undermine the validity of the Court's prior ruling.  Moreover, *Ng* did not address whether the Court can or should reconsider a prior decision because a defendant inadvertently waived a defense by failing to raise it by motion or in a responsive pleading.  The other case cited by Defendant, *Buttaro v. City of*

10

*New York*, No. 15-CV-5703 (ILG), 2017 WL 1906725 (E.D.N.Y. May 8, 2017), does not address that question either and is thus inapposite.  *See id*. at *2 (reconsidering whether plaintiff's remaining First Amendment retaliation claim should be dismissed pursuant to FRCP 12(b)(6)).

Finally, the Court finds that Defendant Commerzbank has failed to identify any "intervening change in controlling law, [] availability of new evidence, or . . . a clear error [necessary for] prevent[ing a] manifest injustice," *Focus Prods. Grp. Int'l, LLC*, 2020 WL 2115344, at *1 (citations omitted), necessitating reconsideration under FRCP 59(e).  Indeed, the Court's dismissal of the Tenth Claim under FRCP 12(b)(6) was with prejudice, *see, e.g.*, *Jackson v. Conn. Dep't of Pub. Health*, 795 F. App'x 64, 66 (2d Cir. 2020) (summary order) (citing *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)), whereas a dismissal for lack of personal jurisdiction pursuant to FRCP 12(b)(2) would be without prejudice, *see, e.g.*, *Global Gold Min., LLC v. Ayvazian*, 612 F. App'x 11, 16 (2d Cir. 2015) (summary order).

## CONCLUSION

For the reasons contained herein, the Court denies Defendant Commerzbank's motion for reconsideration.  The Court also directs Plaintiffs to file motions for default judgment as to Defendant Bank Saderat PLC in *Freeman II* (No. 18-CV-7359) and *Bowman* (No. 19-CV-2146) within twenty-one (21) days of this Memorandum & Order.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 4, 2020
       Brooklyn, New York